UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:18 CR 878 RWS |
| v. ) | |
| ) | |
| BOBBY ANDRE, ) | |
| ) | |
| Defendant. ) | |

## **GOVERNMENT'S REQUEST FOR STATUS HEARING**

Comes now the United States of America by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri and Paul J. D'Agrosa, Assistant United States Attorney for said District, and requests the Court schedule a status conference in the above cause. The government submits the following in support of the instant motion.

## **INTRODUCTION AND PROCEDURAL HISTORY**

On September 20, 2018 Defendant was charged in a complaint with committing an armed robbery under the Hobbs Act - Title 18, United States Code, Section 1951. Defendant was taken into custody on or about October 5, 2018 and was promptly presented to the Court for his initial appearance. Initially, the Federal Public Defender was appointed given Defendant's indigency. On October 25, 2018 a Grand Jury returned an indictment, finding probable cause existed that Defendant had committed a Hobbs Act robbery and used a firearm in furtherance of said crime of violence.

On November 7, 2018 Defendant was arraigned and entered a plea of not guilty. The Federal Public Defender was replaced by current counsel David Bryant, who was retained. Mr. Bryant entered his appearance and requested pretrial disclosure of evidence. Discovery was immediately provided to defense counsel, to include DNA analysis of a blue rag seized at the scene of the robbery. The defendant's DNA was identified on the rag. Subsequent to the arraignment, Defendant requested five

1

(5) extensions of the Court's pretrial motion deadline between December of 2018 and April of 2019. Mr. Bryant then sought to withdraw from the case. After holding a hearing, the Court denied Mr. Bryant's request to withdraw and instead appointed him under the Criminal Justice Act (CJA).

Defendant then filed three (3) additional motions for extension of the pretrial motion deadline, between May and September of 2019. Defendant then filed his motion to suppress the DNA evidence, claiming the search warrant for Defendant's saliva lacked probable cause. Two days later, the government responded to Defendant's motion to suppress. A hearing was then held on the motion on November 5, 2019.

After Defendant requested an extension of the deadline to file his post-hearing brief, he filed his brief on January 9, 2020. The government filed its response on January 16, 2020. The Court issued its Report and Recommendation (R and R) on March 6, 2020. Defendant then requested an extension of the deadline to file his objections to the R and R. He ultimately filed his objections on April 20, 2020. Two days later, Defendant filed an additional motion to suppress evidence and a request for a *Franks* hearing. The government responded and the Defendant then replied.

On June 8, 2020 the Court issued its Memorandum and Order adopting the R and R in its entirety and denying Defendant's second motion to suppress and request for a *Franks* hearing (Doc. #73). The Court also entered an order setting forth the trial procedures for a jury trial scheduled for August 10, 2020. The government then fully complied with the Court's trial order and filed its preliminary exhibit list, witness list, 404(b) notice, summary of expert testimony (related to DNA) and its motions *in limine*.

Defendant then filed a motion to continue the August trial setting, which was granted.[1] The trial was reset to October 5, 2020. In the meantime, Defendant filed a response to the government's

---

[1] It should be noted that specific speedy trial findings were made each time the Court ruled on Defendant's requests for extensions of the pretrial motion deadlines and his motion to continue the trial.

motions *in limine* and the government replied. The Court then held a telephone status conference on September 18, 2020 and due to the constraints caused by the COVID-19 pandemic, the Court indicated that it would vacate the October trial setting. The parties then agreed upon some possible future trial dates and the government filed an unopposed motion to continue the October 5 trial setting (Doc. #88). The motion was granted and the jury trial was rescheduled to November 30, 2020.

On October 13, 2020 the Defendant filed a *pro se* motion for a hearing (on his request that an independent DNA expert review the evidence)(Doc. #91). The Court granted the Defendant's *pro se* motion and held a status hearing on October 23, 2020. At the hearing, which occurred in the courtroom with all parties present, the Court inquired about the Defendant's *pro se* request for an independent DNA test of the physical evidence. The Defendant confirmed on the record that he understood his right to a speedy trial would be waived if he wished to pursue his own DNA expert and he also acknowledged his understanding that his request would necessitate a continuance of the November trial setting.

At the conclusion of the hearing, the Court pronounced an oral ruling that it intended to vacate the November 30 trial setting and further ordered defense counsel to file the appropriate request with the Court, seeking CJA funds for an expert. The Defendant was to then coordinate with the United States regarding transfer of the physical evidence to the defense expert, for the purposes of an independent DNA examination. A written order followed (dated October 30, 2020) in which the Court made appropriate speedy trial findings and stated the following: "**IT IS FURTHER ORDERED** that the defendant Bobby Andre, by his counsel are to advise the Court after the findings of the expert are made so this may be reset for a jury trial."(See, Doc. #95).

Since the Court's order of October 30, 2020 the United States has heard nothing from defense counsel and is therefore unaware as to whether or not he intends to consult with or hire a

DNA expert of his own. As this case is now over 2.5 years old, the United States requests the Court schedule a status hearing in order to determine whether or not the Defendant intends to pursue an expert and/or is ready for trial.

## **CONCLUSION AND PRAYER**

For the foregoing reasons, the United States respectfully requests this Court schedule a status conference at its earliest opportunity, in order to inquire of the Defendant as to his intention to seek an independent DNA expert and for any further relief this Court deems just and proper.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


 /s/ *Paul J. D'Agrosa*
PAUL J. D'AGROSA #36966MO
Assistant United States Attorney
111 S. 10th Street, 20th Floor
St. Louis, Missouri   63102
(314) 539-2200

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 28TH day of January, 2021, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon counsel for Defendant.


/s/ *Paul J. D'Agrosa*